IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

COLIN ROSE,

    Plaintiff,

    v.                                       No. CIV 13-1172 RB/KBM

CORRECTION CORPORATION OF AMERICA,
FEDERAL BUREAU OF PRISONS,

    Defendants.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Complaint for civil rights violations. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. Because Plaintiff is a federal prisoner, the Court construes his civil rights complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). For reasons set out below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff is housed by the Federal Bureau of Prisons ("BOP") at a Federal Medical Center in Georgia but was previously held at the Cibola County, New Mexico, Correctional Center ("CCCC").  In addition to the two entities named in the caption, the complaint identifies in text (p. 1) U.S. Immigration and Customs Enforcement ("ICE") and CCCC Warden Lee Vaughn as Defendants.  *See Trackwell v. United States Government,* 472 F.3d 1242, 1243–44 (10th Cir. 2007) ("in a pro se case . . . , courts may look to the body of the complaint to determine who the intended and proper defendants are").  The complaint alleges that the barbers at the CCCC barber shop used unsanitary hair trimmers to cut inmates' hair, including facial hair.  The unsanitary instruments allegedly caused Plaintiff to develop a cyst on his neck and infected him with hepatitis B.  Removal of the cyst required a surgical procedure.  Plaintiff filed a grievance and was told that the unsanitary conditions would be corrected.  He did not receive a response to the grievance, and no remedy was effected.  Plaintiff contends that Defendants' conduct amounted to wanton and deliberate infliction of pain, presumably in violation of the Eighth Amendment's prohibition of cruel and unusual punishment.  The complaint seeks damages.

Plaintiff's complaint under *Bivens* does not state a constitutional claim against the named Defendants.  As to the entity Defendants, "*Bivens* provides a remedy against individual federal officials who act in an unconstitutional manner," *Ricco v. Conner*, 146 F. App'x 249, 253 (10th Cir. 2005) (citing *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1230-32 (10th Cir. 2005), and "a *Bivens* theory will not lie against corporate entities." *Ramsey v. Citibank*, No. 475 F.  App'x 711, 713 (10th Cir. 2012) (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61,

70-71 (2001)). The Court will dismiss Plaintiff's claims against the named entity Defendants.

Nor do Plaintiff's allegations support a constitutional claim against Defendant Vaughn, the warden of the privately operated correctional facility.

> [W]here, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law.

*Minneci v. Pollard*, 132 S. Ct. 617, 626 (2012). Under these cited cases, no relief is available on Plaintiff's *Bivens* claims against either the entity or the individual Defendants. The Court will dismiss the civil rights complaint with prejudice. *But see Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("dismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 215-217 (2007); *Minneci v. Pollard*, 132 S. Ct. at 626 ("the prisoner must seek a remedy under state tort law").

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice, pending motions are DENIED as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE